IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GABRIEL GONZALEZ**                                              **PETITIONER**

v.                         NO. 2:24-cv-00151-LPR-PSH

**CHAD GARRETT, Warden,**                                         **RESPONDENT**
**FCI Forrest City Low**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

The Court's February 25 Order summarized this habeas corpus case and directed petitioner Gabriel Gonzalez ("Gonzalez") to respond to the Court's concerns. Gonzalez has now replied. Doc. No. 29.

To briefly recap, Gonzalez maintains that he was terminated from a prison job assignment without any evidence of a rule violation, without the issuance of a formal report, and without first receiving a formal hearing. He maintains that his termination adversely impacted his ability to participate in First Step Act ("FSA") eligible Evidence-Based Recidivism Reduction Programming ("Programming" or "Programs") and/or Productive Activities ("Activities"), thereby preventing him from earning FSA time credits. It is recommended that this case be dismissed for lack of subject matter jurisdiction.

The record reflects that Gonzalez entered the custody of the Federal Bureau of Prisons ("BOP") in 2006 and came to be housed at a BOP facility in Forrest City, Arkansas. There, he received a job assignment in the facility's education department, working as a law clerk in the prison's law library and teaching classes as an Adult Continuing Education instructor and tutor. In 2022, he was terminated from the job assignment following a

"contraband incident." *See* Doc. No. 2 at page 4. He denied any involvement in the incident, and he was never disciplined for it.

This case began when a pleading was severed from *Gonzalez v. Garrett*, No. 2:22-cv-00243-LPR. A new case—this case—was opened, and the pleading was filed as a petition for writ of habeas corpus.[1] In the petition, Gonzalez framed the issue as follows: "[i]s the [BOP] permitted to sanction prisoners by removing them from FSA programming without first having at least some evidence of a rule violation, a formal report issued, or without first holding a formal disciplinary hearing prior to the removal?" *See* Doc. No. 2 at page 1. He supported his claim, or otherwise expanded the scope of this case, by also alleging, *inter alia*, the following:

> 1) He was wrongfully terminated from three Programs and/or Activities, which prevented him from earning the FSA

---

[1] Two other pleadings were severed from 2:22-cv-00243-LPR, and two other cases were opened. In 2:24-cv-00152-LPR-PSH, Gonzalez alleged that he should receive FSA time credits for his participation in FSA eligible Activities prior to the adoption of the FSA. In 2:24-cv-00153-LPR-PSH, he primarily alleged that the BOP is improperly awarding FSA time credits on a per-day basis, *i.e.*, on the basis of a prisoner's daily participation in FSA eligible Programming and/or Activities, when the FSA mandates that the credits be awarded on the basis of each Program and/or Activity a prisoner completes.

time credits he would have otherwise earned as a result of his participation in FSA eligible Programming and/or Activities.[2]

2) The FSA created a liberty interest in a shortened prison sentence, an interest that arises from the earning of time credits for successful participation in FSA eligible Programming and/or Activities, and the BOP deprived him of that interest when he was terminated from three Programs and/or Activities without receiving due process.

3) BOP officials have thwarted his attempts to exhaust his administrative grievances with respect to the question at bar.

4) BOP officials are retaliating against him in that, after concluding he was not involved in the "contraband incident," they refused to reinstate him to his job assignment in the education department.

Gonzalez noted, in the concluding portion of his petition, that he is not asserting a "right to his job nor to a specific educational or vocational program." *See* Doc. No. 2 at page 12. Instead, he is asserting his "statutory

---

[2] It is not clear what the three Programs and/or Activities were, although it is likely that they were his work as a law clerk in the prison's law library and the two Adult Continuing Education classes he appears to have been teaching at the time he was terminated from his job assignment.

4

right to participate in ... FSA programming," and acquire FSA time credits, which impacts the duration of his confinement. *Id*. He asked that his "lost FSA program(s) time" be restored and he be restored to "his previously held status, conditions, and reputation." *Id*. at page 13. The phrase "which impacts the duration of his confinement" is critical.

Respondent Chad Garrett ("Garrett") filed a response to the petition and asked that the petition be dismissed for lack of subject matter jurisdiction. Garrett asserted Gonzalez has earned more than 365 days of FSA time credits, and "365 days is the maximum amount of credit that can be applied toward early release to a term of supervised release." *See* Doc. No. 14, page 2. According to Garrett, Gonzalez' duration of confinement cannot be further shortened regardless of his accumulation of additional credits.

The assertion that the relief sought by Gonzalez would not affect the duration of his confinement spurred the undersigned to enter the February 25 Order. Gonzalez was directed to respond on two counts: one, to explain why this assertion should not prevail, *i.e.*, why the petition should not be dismissed since, even if successful, the duration of his sentence would not change. And two, regarding the many other claims, Gonzalez was advised

of his option to consent to the conversion of those claims to a conditions-of-confinement case.

### *Jurisdiction When the Duration of the Sentence is Unchanged*

Gonzalez, replying to the undersigned Order, concedes he has earned more than 365 days of FSA time credits. Doc. No. 29, page 8. Nevertheless, he contends subject matter jurisdiction exists in this case. The undersigned disagrees.

Gonzalez draws a distinction between "duration of sentence" and "duration of confinement." Doc. No. 29, page 7. This distinction is not a meaningful distinction – regardless of semantics, Gonzalez has earned the maximum number of credits to reduce his sentence. Gonzalez also argues generally that since his case involves the execution of the sentence it is properly brought as a habeas case. He claims the "length of a prisoner's sentence is not the only factor that affects a duration of confinement. . ." Doc. No. 29, page 21. He does not cite persuasive authority for this proposition.

The federal courts will typically resolve a jurisdictional question before proceeding to the merits of a case. In this instance, the jurisdictional question involves whether there is subject matter jurisdiction, *i.e*, whether the federal courts have the constitutional or

statutory power to adjudicate a case. *See Thigulla v. Jaddou*, 94 F.4d 770 (8th Cir. 2024).

Gonzalez has earned, and been awarded, at least 365 days' worth of FSA time credits, 365 days' worth of such credits being the maximum number of credits that can be applied toward his early release to a term of supervised release. *See* 18 U.S.C. 3624(g)(3). The time credits he has earned in excess of 365 days have been applied toward his prerelease custody. A challenge to the number of time credits in excess of 365 days, a challenge Garrett understands Gonzalez to be making, is tantamount to a challenge to a prisoner's place of confinement. *See Allard v. Federal Bureau of Prisons*, No. 23-cv-3724-JMB-ECW, 2024 WL 714231 (D. Minn. Jan. 30, 2024), report and recommendation adopted, No. 23-cv-3724-JMB, 2024 WL 713960 (D. Minn. Feb. 21, 2024) (Court of Appeals considers prisoner's request for transfer to prerelease custody as challenge to his place of confinement). Gonzalez' claim is therefore a request for "sooner placement in prerelease custody—that is, a change in his *conditions* of confinement, not a change in the *fact* or *duration* of confinement," and a habeas corpus petition "cannot be used to pursue such a claim." *See Henderson v. Eischen*, No. 23-cv-2250-PJS-TNL, 2024 WL 4678496, 2 (D.

Minn. Nov. 5, 2024) (emphasis in original).[3] *See also Fongers v. Garrett*, No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024),

---

[3] In *Henderson v. Eischen*, Henderson filed a petition for writ of habeas corpus in which he maintained that the BOP miscalculated the number of FSA time credits he had earned. The district court rejected the claim, relying upon the *Chevron* doctrine and giving strong deference to the BOP's interpretation of the FSA and the BOP's calculation of his FSA time credits. After the United States Supreme Court decided *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), he filed a motion for relief from judgment. The district court denied the motion, finding, in large part, the following:

> Federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the BOP may earn up to fifteen days per month in time credits under the FSA. Up to 365 days' worth of those time credits may be applied towards the prisoner's overall sentence. *See* 18 U.S.C. 3624(g)(3). Any additional time credits may be used only to move up the date on which a prisoner is eligible to be placed in prerelease custody, such as in home confinement or a residential reentry center. *See* 18 U.S.C. 3632(d)(4)(C).
>
> FSA time credits, then, may be used to shorten a prisoner's overall term of custody—but only up to a point. After a prisoner has earned and applied 365 days of FSA time credits, the only benefit that the prisoner can procure from earning further FSA time credits is eligibility for sooner placement in a residential reentry center or home confinement. A prisoner in one of these forms of prerelease custody is still in the custody of the BOP; he is simply serving that term of custody somewhere other than a prison.
>
> The problem for Henderson is that a habeas petition can be used only to attack the fact or duration of custody itself (as opposed to the conditions in which that custody is served). "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022).
>
> The record is clear that 365 days of FSA time credits—the maximum permitted by statute—have already been applied towards Henderson's overall sentence. *See* Declaration of Jake Bush Ex. A [ECF No. 30-1] at 1No. 30-1] at 1. The only benefit that Henderson could now obtain from being awarded additional FSA time credits would be sooner placement in prerelease custody—that is, a change in his conditions of confinement, not

report and recommendation adopted, No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024).

Subject matter jurisdiction is lacking for this habeas corpus action brought by Gonzalez. Accordingly, the undersigned recommends the case be DISMISSED and the relief requested be DENIED.

### *Conversion of Other Claims to a Conditions-of-Confinement Case*

In a recent submission Gonzalez expresses his desire to "pursue the resolution of his claims that this court has identified as being properly brought on a separate complaint." Doc. No. 30, page 1. These claims, described by the undersigned as claims other than the claim that the duration of his sentence was affected, include the following:

- Denial of due process relating to termination from Gonzalez' prison job;

- Sanctions for termination of the prison job, e.g., loss of access to programs;

---

a change in the fact or duration of confinement. A habeas petition cannot be used to pursue such a claim. ...

    Consequently, Henderson's habeas petition would be unsuccessful—albeit for different reasons—if the judgment in this matter were vacated. [Footnote omitted]. The motion for relief under Rule 60(b) is therefore denied.

See *Henderson v. Eischen*, 2024 WL 4678496 2.

- Interpretation of federal statutes;

- Interpretation of the BOP's October 4, 2024, Memorandum regarding Projected Release Dates;

- Interpretation of Gonzalez' September and October 2024 Worksheets;

- Interpretation of Garrett's April 3, 2025, Memorandum regarding Second Chance Act time credits;

- Garrett's alleged retaliatory altering and scrubbing of prison records;

- Calculation of the credits Gonzalez will accumulate during the remaining term of his imprisonment; and

- Denial of phone accessibility.

The undersigned construes Gonzalez' desire to bring a separate complaint as his decision *not* to convert this action into a conditions-of-confinement case. While the Court will honor this decision, Gonzalez' Motion for Stay is DENIED. Doc. No. 30. The theory behind this motion is that Gonzalez is unable to adequately research and present his claims at the current time. The record, however, belies this notion. Gonzalez has proven capable of raising the numerous claims above (indeed, he has raised them in *this* case) and has shown an ability to initiate and actively litigate

10

numerous lawsuits. The Federal Rules of Civil Procedure require only a "short and plain statement" of jurisdiction and of the entitlement to relief, and Gonzalez can comply with this demand, based on his pleadings in this and other cases.[4] Fed.R.Civ.P. 8.

It is therefore recommended that this case be dismissed without prejudice, all requested relief be denied, and judgment be entered for Garrett.

DATED this 1st day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Gonzalez is a plaintiff is four ongoing cases (the current case, 2:24-cv-152, 2:24-cv-153, and 2:24-cv-207) in this Court, and a plaintiff in nine closed cases (2:16-cv-00119, 2:17-cv-00129, 2:18-cv-00091, 2:18-cv-121, 2:18-cv-00175, 2:20-cv-00083, 2:22-cv-343, 2:24-cv-00156, and 4:19-cv-00881).