FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 23 2025

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

United States District Court
Eastern District of Arkansas
Delta Division

Gabriel Gonzalez
Petitioner, Pro Se

v.

C. Garrett, Warden
Respondent

Case Number
2:24-CV-00151-LPR-PSH

Objection to Magistrate Judge's
Report and Recommendation

Petitioner Gabriel Gonzalez respectfully submits these objections to the Magistrate Judge's Report and Recommendation (Doc. 31), issued on May 1, 2025, recommending dismissal of his § 2241 habeas petition for lack of subject matter jurisdiction.

I.  Introduction

The Magistrate Judge's conclusion rests on a fundamental misinterpretation of the FIRST STEP ACT (FSA), particularly the nature, calculation, and the applicable recording of earned time credits beyond the initial 365 days credited toward early supervised release. By improperly concluding that these additional credits do not "affect" a fact or duration of Gonzalez' confinement, the Findings and Recommendation (F & R) forecloses valid habeas review of sentence execution contrary to the FSA's plain text and structure.

The Magistrate has recommended this matter be dismissed for lack of jurisdiction because the court is without authority to hear "placement" issues.

1

The Magistrate then supports her opinion by concluding that only 365-days of credits may be applied towards Gonzalez' 'placement' in supervised release custody. Magistrate Harris has not shown how the application of 365-days of FSA time credits "reduces" a prisoner's sentence. (Doc. 31-0, p. 6).

II. Objection 1: The Magistrate misconstrues the scope of FSA time credits.

The F & R asserts that because Gonzalez has already received 365 days of FSA credits (the maximum applicable to early placement in supervised release under 18 U.S.C. § 3624(g)(3)), any additional credits may only be ascribed to prerelease custody and are therefore not subject to review. This is incorrect. Gonzalez' FSA Time Credit Assessment requires the recording of all FSA credits he has earned and is expected to earn.

Under 18 U.S.C. § 3624(g)(2) and § 3632(d)(4)(C), FSA time credits can be applied to early placement in prerelease custody, such as home confinement or a Residential Reentry Center or supervised release. These category alternatives are part of his overall sentence calculation that demonstrate the nature and severity of his confinement at the various stages of his custody throughout the service of his sentence. Thus, the recording of his credits directly impacts the execution of his sentence, which is squarely within the purview of habeas corpus under § 2241. The distinction drawn by the F & R between the credits that shorten the time towards transfer to supervised release versus prerelease custody is a collateral consequence of putting these credits into effect, but is nevertheless irrelevant to Gonzalez' request that his records be made to accurately reflect his FSA time credits in a manner consistent with his September 5, 2024 FSA Assessment worksheet.

2

III. Objection 2: The Magistrate erroneously relies on the 365-day "cap" as a jurisdictional bar.

The F & R incorrectly treats the 365-day cap for supervised release credit as a jurisdictional ceiling on all FSA credits. But no statutory provision supports the proposition that once 365 days have been applied, the remaining credits are categorically irrelevant to sentence execution. In fact, BOP policy and § 3624(g)(1)(C) require the computation and application of all remaining credits to be recorded towards each category including prerelease custody. Section 3632(d)(4)(C) creates a mandatory obligation that the Director of the BOP record, or otherwise "apply", these credits in a prisoner's records in a manner distinguishing each given category. Section 3632, however, does not create a categorical bar affecting the recording of one and not the other. Courts have recognized this distinction.

In Henderson v. Eischen, 2024 WL 4678496 (D. Minn. 2024), while cited by the R & R, involved a pro se motion after final judgment and did not establish a categorical jurisdictional bar. In Sok v. Eischen, 2023 WL 5282709 (8th Cir.), the Eighth Circuit affirmed its denial based on ineligibility from disqualifying offenses, but not based on a 365-day jurisdictional limit.

Gonzalez' claims go to whether his FSA time credits have been properly calculated, and as part of a proper and complete sentence calculation, have been recorded (applied) to the appropriate category on his sentence-computation record. This is a cognizable challenge to sentence execution under § 2241 because a proper and complete sentence calculation is a part, or fact, of his sentence. (Bunn v. Conley, 309 F.3d 1002, 7th Circuit, 2002).

IV.  Objection 3: The Magistrate ignores the error in the BOP's time credit assessments.

The Magistrate vehemently noted and questioned the BOP's error between Gonzalez' October 2024 FSA Time Credit Assessment and his September 2024 Assessment but now finds no authority to correct the error. However, the record shows the BOP's reaction to her inquiry by withdrawing credits, altering Gonzalez' FSA Conditional Placement Date from December 2024 to July 2027, a delay of over 30 months. The FSA Conditional Placement Date is a necessary and integral category of Gonzalez' sentence calculation. The error cited by the Magistrate (Doc. 20, p. 4-5) is not a "condition" issue. It is an error that is rooted in the 'fact of confinement' factor.

This claim is not hypothetical or procedural. It is concrete, it is ripe, and it is within the traditional scope of habeas jurisdiction.

V.  Objection 4: The Magistrate's conversion of Gonzalez' claim creates an imaginary complication.

A review of the Magistrate's F & R (Doc. 31-0, p. 7) reveals her suggestion that subject matter jurisdiction is lacking for this habeas corpus action brought by Gonzalez. Magistrate Harris references Gonzalez' claim and asserts that the phrase "which impacts the duration of his confinement" is critical to her analysis. (see Doc. 1, p. 13). But this out-of-context extract was not the full scope of Gonzalez' stated claims in the document cited by the Magistrate. Gonzalez' full claim includes "..., or affect his recidivism-reduction participation records." (see § 2241 Brief, p. 12). But, the crux of her assertion is justifiable only by way of the Magistrate's recharacterization and conversion of Gonzalez' 'sentence calculation' claim to one of 'placement' only. Gonzalez has not requested 'placement' as an issue or claim to be examined in this matter.

4

Yet, the Magistrate claims that only 365-days of such credits is the maximum that can be applied "toward his *early release* to a term of supervised release." Id. But this portrayal is inconsistent with the language set forth in § 3632(d)(4)(C) wherein it is stated that this portion of time credits may be applied towards "time in...supervised release." Nowhere is it stated that supervised release assignment equates to a reduction in a sentence or constitutes an end of sentence release. Logically speaking, however, the application of FSA time credits towards prerelease custody or supervised release would only result in an early "transfer" to either placement option, bringing the issue back to one of "placement" during the service of his sentence terms.

But since Gonzalez' sentence calculation claim *could* result in an early transfer, the Magistrate proposes that his claim is tantamount to a challenge to a prisoner's place of confinement. (Doc. 31). It is in this way, the Magistrate concludes, that Gonzalez' claim is one of a request for a designation to a place of imprisonment. (see 18 U.S.C. § 3621(b)—specifically citing that a designation issue is precluded from judicial review).

The Magistrate's self-initiated conversion of this claim is wrong because Gonzalez does not request a transfer, nor a sooner placement in prerelease custody, nor a designation to a place of imprisonment. Instead, his claim is squarely one of receiving a corrected sentence calculation record.

Conclusion

Gonzalez has persisted in clarifying to this court that his issue is not one of custody placement (Doc. 1, p. 1; Doc. 18-0, p. 1), but rather, includes a sentence calculation issue that relates to a fact or duration of his confinement and is cognizable by way of § 2241. (Doc. 23-0, p. 1; Doc. 29-0, p. 1).

This sentence-calculation assessment claim is made in conjunction with a

statutory interpretation issue—addressing the BOP's reluctance to perform a full sentence calculation assessment due to its erroneous statutory conclusion that it need only calculate time credits that Gonzalez has earned, and not those he is projected to earn while in prerelease custody. (but see § 3624(g)(1)(C)). This erroneous interpretation begs the question; where will the BOP apply the credits Gonzalez will earn while in prerelease custody programming?

The Bureau's erroneous statutory interpretation also projects upon sentencing courts the responsibility to apply these prospective, unrecorded earned FSA time credits because, according to the BOP, the Bureau is without the authority to do so prior to a prisoner acquiring an amount of credits equal to the remainder of his imposed term. (see 18 U.S.C. § 3624(g)(1)(A)). The Bureau's rationale on this point is erroneous because it requires an out-of-context interpretation that excludes § 3624(g)(1)(C). Gonzalez contends this consequential delegation of assessing time credits by the courts who exercise supervised release has no foundation in § 3632 nor in this Circuit's precedents. He does request, nevertheless, that his sentence-calculation be properly assessed and recorded in his prison records, reflecting the computation throughout his entire sentence terms as mandated under § 3585, § 3624(g)(1)(C), and all other applicable provisions of law entitling him to a full computation instead of his current, partial calculation.

For these reasons, Gonzalez asks this Honorable Court to reject the Magistrate's Findings and Recommendation, to retain jurisdiction over his § 2241 petition and claim, and to order further proceedings to determine whether Gonzalez is entitled to the additional FSA time credits the Bureau has severed from him and that those credits be reflected in the appropriate category of his sentence computation data sheet and his FSA Time Credit Assessment worksheet records.

Verification

I have read the foregoing Objection and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 15th day of May, 2025.

Gabriel Gonzalez
Petitioner, Pro Se

Certificate of Service

I certify under the penalty of perjury that the foregoing Objection was placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 15th day of May, 2025. Gonzalez asks this court's clerk to serve all other interested parties via electronic notification and to serve him with a stamped FILED copy of this Objection.

Gabriel Gonzalez
Petitioner, Pro Se