FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 15 2025

TAMMY HODGENS, CLERK
By: _____
      DEP CLERK

United States District Court
Eastern District of Arkansas
Delta Division

Gabriel Gonzalez
Petitioner, Pro Se

v.

C. Humphrey, Warden
Respondent

Case Number
2:24-CV-00151-LPR-PSH

Emergency motion for injunctive relief

    Gabriel Gonzalez asks this Honorable Court to accept this emergency motion for injunctive relief and to issue an order requiring the Bureau of Prisons to apply his earned and projected FIRST STEP ACT (FSA) time credits towards his pre-release custody or adjust his custodial sentence as required by law. In support of this motion Gonzalez states:

1. I am a federal inmate currently housed at the FCI Forrest City Low prison in Arkansas.

2. I have completed FSA EBRR programming and productive activities and have earned at least 2320 days of FTCs in accordance with those programs and with those credits I am projected to earn while in pre-release custody up to my Projected Release Date (PRD) of September 17, 2030.

3. In passing the FIRST STEP ACT, Congress determined that prisoners who complete rehabilitative programming "shall" or "must" be transferred, i.e. are entitled to, RRC placement or home confinement as defined as being prerelease custody (§ 3632(d)(4)(C)). The statute does not give the Bureau of Prisons discretion

to transfer eligible prisoners. I have met all my requirements, and my Unit Team confirmed I am eligible.

4. However, the BOP has delayed applying my earned and projected time credits and have not given me the pre-release custody I have earned. They say this is because of lack of bed space or other reasons such as their practice of disqualifying credit earning while in pre-release custody (Exhibit 1) despite their written policy otherwise as expressed in the BOP's Admission and Orientation (A & O) Addendum (Exhibit 2).

5. I respectfully object and argue that this delay is meant to "run out the clock" on the timely application of my FTCs causing me harm. I am losing days of pre-release custody liberties I already earned under law. If the BOP transfers me later without applying all my credits, I will lose those days forever and my case could become moot in the same manner as vehemently opposed by the Magistrate and District Court Judges in the 8th Circuit. (see Cory Ray Garcia v. Eischen, U.S.D.C. Minn., 2025 U.S. Dist., LEXIS 98686, 24-CV-4106-KKM-SGE, March 25, 2025).

6. Multiple courts have held that the BOP has no discretion to delay or refuse the transfer of an eligible prisoner to prerelease custody where that transfer is mandatory. (see Woodley v. Warden, USP Leavenworth, 2024 WL 2260904 (D. Kan., May 15, 2024; Doe v. Fed. Bur. of Prisons, 2024 U.S. Dist. LEXIS 19755, 2024 WL 455309, at 1-4 (S.D.N.Y. Feb. 5, 2024)(transfer required despite participation in witness protection program); Ramirez v. Phillips, 2023 U.S. Dist. LEXIS 228778, 2023 WL 8878993 at 4 (E.D. Cal., Dec. 22, 2023); Komando v. Luna 2023 U.S. Dist., LEXIS 11477, 2023 WL 310580 at 4-8 (D.N.H. Jan. 13, 2023)(transfer to prerelease custody mandatory despite outstanding detainer, BOP's discretion did not allow BOP to refuse transfer); Sierra v. Jacquez 2022 U.S. Dist. LEXIS 234525, 2022 WL

18046701 at 4 (W.D. Wash. Dec. 27, 2022)(transfer to prerelease custody mandatory despite immigration detainer); Jones v. Engelman, 2022 WL 6563744 at 9-13 (C.D. Cal. Sept. 7, 2022)(transfer to prerelease custody mandatory despite pending charges and potential flight risk), report and recommendation adopted in relevant part, 2022 WL 6445565 (Oct. 7, 2022).

Although it remains within the BOP's discretion to determine whether to transfer Gonzalez to an RRC or home confinement or to supervised release, Gonzalez, here, does not ask this court to order that he be required to be placed in any particular facility, but rather, that he be transferred in accordance with the mandatory, non-discretionary provisions of § 3632(d)(4)(C). (Also, see § 3624(g)(11)-requiring the BOP to "ensure there is sufficient prerelease custody capacity to accommodate all eligible prisoners." The plain language of the statute does not give the BOP discretion to refuse or delay transferring eligible prisoners based on concerns of practicality.

7. This motion is made in the interests of justice and for the preservation of Gonzalez's statutory right to receive performance of the BOP's non-discretionary obligation to fulfill their application of his earned and projected FTCs.

For these reasons, Gonzalez asks the court to order the BOP to immediately apply his earned and projected FTCs, to require the BOP to credit those FTCs towards pre-release custody without delay, and to prevent the BOP from taking any action that would make this habeas case moot, and any other relief this court deems proper and just.

Verification

I have read the foregoing Emergency motion for injunctive relief and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 8th day of September, 2025.

Gabriel Gonzalez
Petitioner, Pro Se

Certificate of Service

I certify under the penalty of perjury that the foregoing Emergency motion for injunctive relief was placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 8th day of September, 2025. Gonzalez asks this court's clerk to serve all other interested parties via electronic notification and to serve him with a stamped filed copy of this motion.

Gabriel Gonzalez
Petitioner, Pro Se

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, **Administrative Remedy Program**, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: Tony Wardlow                              Date: 6/23/2025

Register Number: 15072-045                Unit: H-A

Specific Complaint (include date) and Requested Relief: _____

My FSA Conditional Placement Date does not reflect the FSA credits that I will earn while in prerelease custody. I believe this is a mistake. I think that I have more FSA credits at this time, and I have enough FSA credits to be placed in prerelease custody now. I request to be placed in prerelease custody.

Efforts Made By Inmate to Informally Resolve Grievance (be specific): 

The BOP's new memo shows that I am correct.

Counselor's Comments: You do not earn FSA credits while in Pre-Release custody.

_____  8-14-25                    _____ For 8-14-25
Correctional Counselor's Review Date        Unit Manager's Review Date

EXHIBIT 1
1 OF 1

How will you demonstrate this to the Warden? By maintaining clear conduct and by participating in the EBRRs and PAs recommended to address your specific Needs. Will maintaining clear conduct and participating in programming automatically mean you will be approved? No. Each case is reviewed individually considering both your history and your time in prison. But, if you haven't maintained clear conduct for an extended period time and/or haven't completed programming, you shouldn't be surprised if your petition is denied.

### How do I petition the Warden to apply my Time Credits if I am High or Medium Risk?

Submit an Inmate Request to Staff Member (copout) to your unit team during your regularly schedule Program Review team meeting. The unit team will review your record and make a recommendation to the Warden. The Warden, after reviewing your record and consulting with the Regional Director, will either approve or deny your petition. You will receive a written response from the Warden to your request. During all aspects of this program, you may file an Administrative Remedy if you choose.

### Are FTCs applied to my percentage of time served?

No. FTCs applied toward your release date do NOT impact your percentage of time served because FTCs do not change your Statutory Release Date – they only change your Satisfaction Date.

### What is an FSA Conditional Release Date?

For eligible inmates who are Low or Minimum Risk, this is a presumed earliest release date you could earn with Federal Time Credits. This calculation makes the presumption that once you are Low or Minimum risk AND in earning status, you will continue to remain in earning status. As a reminder, the FSA Conditional Date, is **NOT** your release date as the credit is only applied as it is earned. <u>Changes in your status (e.g., FRP Refuse, program declines, Disciplinary Segregation, etc.) will result in changes in your conditional date.</u> **The FSA Conditional Release Date is for planning purposes only.**

Additionally, a second application will project the maximum number of FTCs which can be earned during your term of incarceration. This will assist in determining the earliest eligible pre-release placement date. This means your Unit Team will be able to monitor your projected number of FTCs and submit your RRC referral timely. Remember this is still just a planning tool, if your status changes, the possible maximum number of FTC days will change as well.

### Do I earn FTCs while in Halfway and/or Home Confinement?

Yes. As long as you continue to successfully program. Remember incident reports can result in a change in your PATTERN Risk Level. If this happens while in Halfway House and/or Home Confinement, it can also impact both your earning status and your ability to apply FTCs toward your release. If your PATTERN Risk Level increases to Medium or High Risk for any reason, you will no longer be eligible to apply your FTCs, and may be removed from pre-release placement and returned to the institution.

### How does FTCs work with Pre-Release Placement?

Your halfway house and/or home confinement recommendation will include the total number of days recommended under the Second Chance Act, plus the remaining number of FTC days not applied to Supervised Release at the time of the referral.

EXHIBIT 2
1 OF 1