# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**GABRIEL GONZALEZ**                                            **PETITIONER**

**v.**                          **No. 2:24-cv-00151-LPR-PSH**

**CHAD GARRETT, Warden,**                                       **RESPONDENT**
**FCI Forrest City Low**

<u>ORDER</u>

United States District Judge Lee P. Rudofsky, by Order dated March 11, 2026, referred to the undersigned two pending motions (Doc. Nos. 38 & 40) filed by petitioner Gabriel Gonzalez ("Gonzalez") in this habeas corpus case.

In Docket Number 38, Gonzalez seeks emergency injunctive relief. Specifically, he desires the Court to order the Bureau of Prisons to "apply his earned and projected FIRST STEP ACT (FSA) time credits towards his pre-release custody or adjust his custodial sentence as required by law." Doc. No. 38, page 1. This request mirrors the claims advanced by Gonzalez in his petition. These claims have been addressed by the undersigned and

by Judge Rudofsky.[1]  See Findings and Recommendation (Doc. No. 31) and Doc. No. 44 (text entry order).  Gonzalez demonstrates no reason to stray from the path taken by the Court to date, and no reason to start anew the decision-making analysis.  The motion for emergency injunctive relief is denied.

Gonzalez also seeks the issuance of a Show Cause Order.  This is necessary, according to Gonzalez, because of "newly discovered records" regarding the calculation of his FSA time credits.  Doc. No. 40, page 1.  He characterizes the new computation as a "second, clandestine FSA time credit computation." *Id.* The existence of two computations is well-documented.  The undersigned noted this in January 2025 and requested clarification from the parties.  See Doc. No. 20.  The parties submitted additional pleadings on this issue.  Doc. Nos. 21 & 29.  Gonzalez concedes that the details "have been previously explained to this court."  Doc. No. 40, page 1.  Since the undersigned has previously obtained an explanation for the two computations there is no warrant to once again require the

---

[1] Judge Rudofsky has stayed a portion of the case pending the Eighth Circuit Court of Appeals decision in *Osorio-Calderon v. Warden*, No. 25-3090.  This portion of the case deals with the application of FSA credits towards pre-release custody, the same issued raised in the motion for emergency injunctive relief.  See Doc. No. 44, text entry order.

parties to explain the differences in the assessments.  The motion to issue a Show Cause Order is denied.

In summary, the motion for emergency injunctive relief (Doc. No. 38) and the motion for issuance of a Show Cause Order (Doc. No. 40) both raise issues already addressed by the Court, and both motions are denied.

IT IS SO ORDERED this 23rd day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3