United States District Court
Eastern District of Arkansas
Delta Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2026

TAMMY H. DOWNS, CLERK
By:_____
         DEP CLERK

Case Number
2:24-CV-00151-LPR

Gabriel Gonzalez
Petitioner, Pro Se

v.

C. Humphrey, Warden
Respondent

**Reply to court's order and
motion to grant jurisdiction**

Gabriel Gonzalez asks this Honorable Court to find good cause in the points and facts presented below to find this court maintains the authority and jurisdiction to proceed with this matter for further judicial review.

On or about 8/16/2024 Gonzalez filed this § 2241 motion to "challenge the lawfulness and constitutionality of the execution of [his] sentence." (Doc. 2,p.1). He specified that his issue included a statutory interpretation component that affects the proper administration of his sentence, primarily addressed through his sentence calculation computed by the Bureau of Prisons as it relates to the statutory mandates of the FIRST STEP ACT. (18 U.S.C. § 3632 and § 3624(g)). Gonzalez asserted that the BOP's actions and administration had deviated from these mandates and that the Bureau's practice(s) cut-short his earned and projected FSA time credits because these program days and their associated credits were not being properly assessed to the end of his entire term of imprisonment.

Gonzalez also asserts the BOP reserves no room at the end of his sentence calculation where the FSA time credits he is expected to earn while in prerelease custody could be used towards earlier assignment to either prerelease custody or

supervised release as required under 18 U.S.C. § 3632(d)(4)(C), thus demonstrating the unlawfulness not only of the BOP's misinterpretation of the FIRST STEP ACT, but also its practice of rendering his final year(s) of time credits without benefit or effect.

Lastly, Gonzalez has emphasized that his issue does not seek a designation, placement, transfer, or application of FSA time credits. Rather, he seeks only a proper sentence calculation through this court's rendering of the true and correct statutory interpretation of the several relevant FSA components that comprise a correct and accurate sentence calculation.

For these reasons and for the reasons stated below, Gonzalez asserts that the adoption of Magistrate Judge Harris's Recommended Disposition concerning jurisdiction over this habeas action in the circumstances of this case would be in error.

This brief and motion is submitted under the auspices of Haines v. Kerner (404 U.S. 519) wherein the Supreme Court held pro se pleadings are to be held to less stringent standards than those of professional lawyers. The Court held that wide lattitude is to be afforded to pro se litigants in their failure to cite proper law or authority, or other errors, giving judges the wide discretion to discern the correct law, so long as he or she can see what the petitioner is driving at, that ought to be enough.

I.  Discussion

Undoubtably, this case includes a confusing morass of anomolies that have served to obscure the simple core of Gonzalez's claim—a challenge to the lawfulness of the execution of his sentence, including a challenge to the computation of his sentence. (Matheny v. Morrison, 307 F.3d 709, 8th Cir., 2002). The inception of this matter began with the hostile treatment Gonzalez received after disputing

being [at least partially] blamed for the acts of professional BOP staff misconduct of one or more prison staff members.  Once his objections became a matter of official record, it was only then that he discovered his prison file and personal records were subjected to falsification, alteration, or destruction as explained throughout his pleadings.

When formal inquiry began at the behest of this court, Judge Harris discovered herself in the middle of a confusing and often contradictory littany of responses and documents from the prison—attempting to divert the court's attention away from the concealment and alteration of records created by virtue of their control as the custodian of Gonzalez's records.  Several times, Judge Harris commented about the changes in Gonzalez's records between (1) the records Gonzalez provided to this court, and (2) the same or similar records provided by the repondent showing 'inconsistent information.'  Judge Harris stated, "but that assessment is different than the FSA Time Credit Assessment dated October 15, 2024.  The Court frankly has difficulty understanding the two assessments, for instance, why some of the dates have changed or are otherwise different...".  (Doc. 20, pgs.4-5).  Judge Harris went on to say, "The undersigned had an occasion to consider the conflicting FSA Time Credit Assessments as a part of the review and frankly found them to be perplexing." (Doc. 24, p.7).  She did, however, indicate that the change in records tended to indicate that Gonzalez did not lose immediate credits but that forecasts to his worksheet was an ongoing process.  Id.  This is the very core of Gonzalez's issue— the removal of the immediate harms imposed upon him by the prison, only to be reestablished and imposed in a manner that may not be recognized until a latter portion of the service of his sentence reveals the BOP has left no room for his credits to be applied.  This has the effect of severing approximately 2.4 years of time credits that affect the lawfulness of the execution of his sentence because, with the inclusion of the time period expressed in Gonzalez's "New Independent" FSA Assessment Supplement (Doc. 39     ) he would have received treatment in accord with his FSA Time Credit

Assessment of 9/05/2024 thereby affording him eligibility to carry out his sentence outside of an ordinary penal institution beginning on or about between June, 2024–December, 2024.  (Doc. 39, p.23).  Gonzalez asserts that rather than focusing on the deceptive practices and alteration of records, this matter is made much simpler to resolve by directing this court's focus on the lawfulness of the sentence calculation provided to Gonzalez by his custodian.

A.    The Court's reliance on Spencer v. Haynes (774 F.3d 467, 8th Cir., 2014) that permits only challenges to the fact or duration of a prisoner's confinement fails to address the execution of a prisoner's sentence (and sentence calculation) question.

In so far as Magistrate Harris has relied upon Spencer v. Haynes, the Spencer case involved Residential Reentry Center Placement matters, which is discretionary under the BOP's § 3621(b) authority, and did not involve statutory sentence credits. This case has no relation to Gonzalez's FSA statutory sentence credit calculation issue, that is more analogous to good-time credit cases, which the Eighth Circuit has consistently treated as core habeas claims because of the nature of these statutorily mandated sentence credits much like the statutorily mandated credits of the FIRST STEP ACT. (§ 3632(d)(4)).

Gonzalez can find no precedent, in any Circuit, where a court has held that section 2241 is not the proper procedural vehicle if a prisoner is challenging the execution of his sentence rather than the validity of his conviction and sentence. Gonzalez's petition centers on his asserted entitlement to present and future sentence credits under the FIRST STEP ACT, made non-discretionary upon the BOP, when he satisfies his programming obligations throughout the service of his entire imposed term of imprisonment.  (§ 3632(d)(4) and § 3624(g)).  As part of his lawfulness of execution claim, Gonzalez asserts that the BOP must leave room to assign and ultimately be able to apply his future credits to either prerelease custody or supervised release as required under § 3632(d)(4)(C).  Therefore, it is incumbent

upon this court to decide whether the Bureau's violation of its program statement (to calculate earned and prospective FSA time credits to the end of a prisoner's imposed term of imprisonment) constitutes a violation of law of the United States sufficient to justify granting habeas relief also.

This Circuit has held a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. (Matheny v. Morrison, 307 F.3d 709, 8th Cir., 2002; DeSimone 805 F.2d 323; Nichols v. Symmes, 553 F.3d 647, 8th Cir., 2009). Gonzalez has asserted his sentence calculation is miscomputed, in violation of law, and brings this issue before the appropriate court in accord with the above standard. (see also 2010 U.S. Dist., LEXIS 139754, 2010 WL 5574730, 1—quoting Fegans v. United States, 506 F.3d 1101, 8th Cir., 2007—"The court reviews the BOP's decisions for abuse of the agency's 'substantial discretion' my the manner in which it is administering his sentence.

As one court precedent makes plain, habeas relief is available under § 2241 where a prisoner is in custody in violation of the Constitution of the United States or federal law. (citing 28 U.S.C. § 2241(c)(3); see Garcia v. Eischen 2025 U.S. Dist., LEXIS98686; LX 13009, no. 24-CV-4106-KKM-SGE, March 25, 2025—addressing whether the BOP had followed the law created under the FIRST STEP ACT through which prisoners could earn time credits to reduce their custodial sentence). This is related to the issue Gonzalez asserts as it relates to receiving his proper and complete sentence calculation. The question is whether the BOP's actions violate federal law, thus warranting a recalculation of his sentence to include an opportunity that he may derive an entitlement benefit from ALL his credits as mandated under § 3632(d)(4)(C). The Garcia court found that the Eighth Circuit has recognized that habeas petitions challenging BOP decisions for violating federal law are proper,

citing Fults v. Sanders, 442 F.3d 1088, 8th Cir., 2006; Elwood v. Jeter, 386 F.3d 842, 8th Cir., 2004—as the above Elwood case relates to the cited standard; Miller v. Whitehead, 527 F.3d 752, 8th Cir., 2008).

As an aside to the above, the Garcia court also opined that the specific precedents established by Kruger and Spencer did not apply to FIRST STEP ACT matters and therefore could not be relied upon to determine this court's jurisdiction in similar FSA matters.

Finally, as it relates to the lawfulness of the BOP's execution of a prisoner's sentence through its adherence to the FIRST STEP ACT, the Garcia court cited several additional holdings demonstrating the court's authority and jurisdiction to hear matters like Gonzalez's stating:

> "Multiple courts have held that the BOP has no discretion to delay or refuse the transfer of an eligible prisoner to prerelease custody where that transfer is mandatory.  See Woodley v. Warden, 2024 WL 2260904 (D. Kan., May 15, 2024); Doe v. Fed. Bur. of Prisons, 2024 U.S. Dist., LEXIS 19755, 2024 WL 455309 @ 1-4 (S.D.N.Y. Feb. 5, 2024)(transfer required despite participation in witness protection program); Ramirez v. Phillips, 2023 U.S. Dist. LEXIS 228778, 2023 WL 8878993 @ 4 (E.D. Cal., Dec. 22, 2023); Komando v. Phillips, 2023 U.S. Dist. LEXIS 11477, 2023 WL 310580 @ 4-8, (D.N.H. Jan. 13, 2023)(transfer to prerelease custody mandatory despite outstanding detainer, BOP's discretion did not allow BOP to refuse transfer); Sierra v. Jacquez, 2022 U.S. Dist. LEXIS 234525, 2022 WL 18046701 @ 4 (W.D. Wash. Dec. 27, 2022)(transfer to prerelease custody mandatory despite immigration detainer); Jones v. Engelman, 2022 WL 6563744 @ 9-13 (C.D. Cal. Sept. 7, 2022)(transfer to prerelease custody mandatory despite pending charges and potential flight risk).

In sum of the Garcia court's opinion and holdings, the court determined it remains withing the BOP's discretion to determine whether to transfer Mr. Garcia to RRC or home confinement or to supervised release.  But, the court does not require that the BOP place Mr. Garcia in a PARTICULAR facility or location—only that the plain language of the statute does not give the BOP *discretion to refuse or delay that which the statute makes a mandatory obligation upon the BOP.  Gonzalez asserts his sentence calculation issue is substantively and substantially similar in character to this structure.

Conclusion

The Supreme Court has explained that habeas is "the specific instrument" to challenge unlawful imprisonment (Prieser v. Rodruguez, 411 U.S. 475, 1973) and is thus available to shorten the duration of confinement in prison, even if it would not also shorten the duration of custody or the overall sentence.  Id. Confinement in prison differs qualitatively from forms of custody like parole, prerelease custody, or other conditional release programs.  This is because those on conditional release remain in legal custody subject to strict restrictions and compliance regimes, they also live outside prison walls and enjoy many of the core values of unqualified liberty.  For that reason, the Supreme Court has adjudicated habeas petitions seeking conditional release due to accumulation of time credits and their associated computation and valuation that challenge the unlawful denial or returns from conditional release programs to prison.  (Morrissey v. Brewer, 408 U.S. 471, 1972).

Claims that a person has a right to placement in a conditional release program are properly brought on a section 2241 habeas corpus petition not merely to challenge conditions of confinement, but because the quantum change in custody between prison and conditional release supports habeas jurisdiction, even where a request for transfer between prisons would not.  This Circuit has followed suit and has adjudicated petitions challenging a restriction(s) on access to conditional release.  (see Edwards v. Lockhart, 908 F.2d 299, 8th Cir., 1990; Elwood v. Jeter, 386 F.3d 842, 8th Cir., 2004; Miller v. Whitehead, 527 F.3d 752, 8th Cir., 2008).

28 U.S.C. § 2241 is the proper vehicle to claim a statutory right to release from prison onto conditional release because section 2241(c)(3) permits a person who is "in custody in violation of the Constitution or laws...of the United States to petition for release.  Id. Such a habeas petition may challenge the lawfulness of "physical confinement" and may request "either immediate release from that

confinement or the shortening of its duration" (Prieser, 411 U.S. @ 489) despite the fact the petitioner would legally remain in "custody" in the community after release from prison. (Id. @ 487).  Gonzalez has done so in his petition to this court.  ("permissible habeas relief includes ordering a 'quantum change in the level of custody,' such as from incarceration to parole [or prerelease custody]." Wilkinson v. Dotson, 544 U.S. 74, 2005—in recognition that although neither parole or probation ends a sentence, both shorten the duration of confinement in prison—citing Gagnon v. Scarpelli, 411 U.S. 778, 1973).

And since this Circuit, and many others, have recognized there are qualitative differences between forms of custody, they also regularly acknowledge that RRC placement and home confinement, the forms of conditional release that prerelease custody under the FSA involves, each meet that test as compared to prison.  Habeas relief, therefore, is not limited to those claims that, if successful, would lead to the prisoner's unconditional release from confinement as alluded to by the respondent in asserting that only the 365 days of FSA time credits (theoretically) applied to Gonzalez's supervised release term signify a limit to this court's habeas jurisdiction.  (see Boutwell v. Keating, 399 F.3d 1203, 10th cir., 2005).

The FIRST STEP ACT context of prerelease custody shares the recognition that those serving a sentence in FSA prerelease custody under § 3624(g)(2)(A)(i)(II)(aa)-(gg) may perform a job and community service; participate in evidence-based recidivism reduction programming, crime victim restoration activities, and family-related activities that facilitate [their] successful reentry; receive medical care in the community; and attend religious activities—while serving those sentences lilling outside of prison walls, obtaining gainful employment, visiting with loved ones, engaging in community service, vocational training, and other educational programs. (see 28 CFR § 570.20(a); also Edwards v. Lockhart 908 F.2d 299—facilitating an analogous example of the reintegration of selected inmates from a prison environment

back into communities through release from confinement in order they could be released under a program to "live and pursue studies or work outside corrections facilities under the close supervision of a parole officer. Id. @ 300.

Gonzalez has provided a comprehensive list of this Circuit's precedents, and others, that have established this court's jurisdiction to hear Gonzalez's execution of sentence issue by way of a section 2241 habeas corpus petition. Having done so, Gonzalez asks this court to find this matter is properly before this court for adjudgment.

Lastly, should this court determine that additional authority is necessary to consider this matter, Gonzalez asks this court to include that its analysis encompass its authority under 5 U.S.C. § 706 in recognition that the Administrative Prociedures Act provides a separate basis for reviewing BOP statutory misinterpretations submitted by way of § 2241 petition.

For these reasons, Gonzalez asks that this court find good cause to accept his petition as validly submitted and within the cout's purview of review, and to allow this matter to proceed for further litigation, including grant of his Show Cause motion, and any other relief this court deems proper and just.

Verification

I have read the foregoing REply to Court's Order and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 30th day of March, 2026.

Gabriel Gonzalez
Petitioner, Pro Se

Certificate of Service

I certify under the penalty of perjury that the foregoing Reply to Court's Order was placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 30th day of March, 2026. Gonzalez asks this court's clerk to serve all other interested parties by electronic notification and to serve him with a stamped filed copy of this motion.

Gabriel Gonzalez
Petitioner, Pro Se